IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | |
|---|---|
| AHMAD SAEED,<br><br>Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C 18-2033-JAJ<br><br>**INITIAL REVIEW ORDER** |

_____

This order is the court's initial review, as required by Rule 4 of the Rules Governing § 2255 Proceedings, to determine whether any of the petitioner's claims in his 28 U.S.C. § 2255 challenge to his guilty plea and sentence have arguable merit. This order also addresses some other preliminary matters. Specifically, this case is before the court on the petitioner's May 15, 2018, Motion To Vacate Sentence [Dkt. No. 1], filed by retained counsel; the petitioner's March 5, 2019, *pro se* Motion To Proceed Pro Se On § 2255 Amended Motion [Dkt. No. 2]; and the petitioner's March 5, 2019, *pro se* Motion To Amend § 2255 Motion To Vacate Sentence [Dkt. No. 3].

## I. INTRODUCTION
### A. *Criminal Proceedings*

Petitioner Ahmad Saeed was one of three defendants charged in an indictment filed April 9, 2015, in Case No. CR 15-2005. A superseding indictment followed on May 14, 2015, as well as a second superseding indictment on September 23, 2015. In the second superseding indictment, Saeed was charged, in Count 1, with conspiracy to distribute controlled substances and controlled substance analogues, all of which were cannabinoids, in violation of 21 U.S.C. § 846, and, in Count 5, with conspiracy to commit money

laundering in violation of 18 U.S.C. § 1956(h). The second superseding indictment also sought "drug forfeiture," pursuant to 21 U.S.C. § 853, of property including, but not limited to, a money judgment in the amount of $750,000, and "money laundering forfeiture," pursuant to 18 U.S.C. § 982(a)(1), of property including, but not limited to, $750,000. On October 20, 2015, Saeed pleaded guilty to both counts against him before Chief United States Magistrate Judge Jon S. Scoles, and the court adopted Judge Scoles's report and recommendation and accepted Saeed's guilty pleas on that same day. A Preliminary Order Of Forfeiture was entered on February 3, 2016.

On August 2, 2016, a second attorney appeared on behalf of Saeed, and on August 17, 2016, Saeed's original attorney was allowed to withdraw. On January 3, 2017, Saeed's second attorney filed Saeed's Motion To Withdraw Guilty Plea. After a hearing on January 11, 2017, United States Magistrate Judge Kelly Mahoney filed a report and recommendation that the court deny Saeed's Motion To Withdraw Guilty Plea. No party filed timely objections to the report and recommendation. At Saeed's sentencing hearing on February 7, 2017, the court adopted Judge Mahoney's report and recommendation and denied Saeed's Motion To Withdraw Guilty Plea. The court then sentenced Saeed to a total term of 210 months, consisting of 150 months of imprisonment on Count 1 and 60 months of imprisonment on Count 5, with the sentences to run consecutively. The court also ordered forfeiture of the property set out in the Preliminary Order Of Forfeiture and that Saeed's forfeiture obligation would be joint and several with co-defendant Muhammad Anwar.

A third attorney appeared for Saeed on February 20, 2017. That attorney filed a Notice Of Appeal on Saeed's behalf. Saeed's second attorney was granted leave to withdraw on February 21, 2017. On May 16, 2017, the Eighth Circuit Court of Appeals dismissed Saeed's appeal on his motion. Mandate issued the next day.

### B. Saeed's § 2255 Motion

As mentioned, above, Saeed filed his original § 2255 Motion on May 15, 2018, with the assistance of counsel—specifically, his third attorney, who had filed Saeed's Notice Of Appeal and represented him on appeal. On March 5, 2019, however, Saeed filed a *pro se* Motion To Proceed Pro Se On § 2255 Amended Motion, on the ground that he can no longer afford counsel's services. On March 5, 2019, Saeed also filed his *pro se* Motion To Amend § 2255 Motion To Vacate Sentence, seeking leave to replace three (of nine) of his original allegations of ineffective assistance of his first attorney with a single allegation.

Saeed's March 5, 2019, *pro se* Motion To Proceed Pro Se On § 2255 Amended Motion is **granted**, and his counsel is granted leave to withdraw. Furthermore, because there have been no proceedings or orders on Saeed's § 2255 Motion, and the respondent has not yet been required to move or plead in response, Saeed's March 5, 2019, *pro se* Motion To Amend § 2255 Motion To Vacate Sentence is **granted** in the interest of justice. *See* FED. R. CIV. P. 15(a)(2) (directing that the court "should freely give leave [to amend a pleading] when justice so requires," if a movant is not entitled to amend as a matter of course pursuant to Rule 15(a)(1)).

Thus, as amended, Ground One of Saeed's § 2255 Motion asserts ineffective assistance, in seven respects, of his original attorney, who represented him through his guilty plea; Ground Two asserts ineffective assistance, in six respects, of his second attorney, who represented him through his Motion To Withdraw Guilty Plea and sentencing;[1] and Ground Three seeks retroactive application of a Supreme Court case abolishing joint and several liability for forfeiture and allowing forfeiture only of property a defendant obtained himself.

---

[1] Saeed's specific allegations of ineffective assistance of his original attorney and his second attorney will be identified more specifically, below.

## II. LEGAL ANALYSIS
### A. Applicable Standards

Title 28, of the United States Code, Section 2255, provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground (1) that the sentence was imposed in violation of the Constitution or laws of the United States, or (2) that the court was without jurisdiction to impose such sentence, or (3) that the sentence was in excess of the maximum authorized by law, or (4) is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Thus, as the Eighth Circuit Courts of Appeals recently explained, "Section 2255 offers potential remedies in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019). Nevertheless, "'[c]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255.'" *Thompson v. United States*, 872 F.3d 560, 565 (8th Cir. 2017) (quoting *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012)).

"An error of law may be remedied under § 2255 only when it 'constitute[s] "a fundamental defect which inherently results in a complete miscarriage of justice."'" *Raymond*, 933 F.3d at 991 (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979), in turn quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)). Even a constitutional error does not automatically require § 2255 relief, because "[a] constitutional error is harmless in a post-conviction proceeding if the error did not have 'substantial and injurious effect or influence' on the outcome of the proceeding and caused no 'actual prejudice' to the defendant." *Cravens v. United States*, 894 F.3d 891, 893 (8th Cir. 2018) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

A claim of ineffective assistance of counsel, like the ones at issue, here, is a claim of constitutional error, because it alleges a violation of the Sixth Amendment right to counsel. *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). That right exists "in order to protect the fundamental right to a fair trial." *Strickland v. Washington*, 466 U.S. 668, 684 (1984). As the Eighth Circuit Court of Appeals has explained,

> To prove ineffective assistance of counsel, a defendant must demonstrate both that his attorney's performance "fell below an objective standard of reasonableness" and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. at 689, 104 S.Ct. 2052.

*Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019). The "deficient performance" prong "requires [a] showing 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Dat v. United States*, 920 F.3d 1192, 1194 (8th Cir. 2019) (quoting *White v. Dingle*, 757 F.3d 750, 752–53 (8th Cir. 2014), in turn quoting *Strickland*, 466 U.S. at 687). As to the "prejudice" prong,

> "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." [*Strickland*, 466 U.S.] at 693, 104 S.Ct. 2052. Rather, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694, 104 S.Ct. 2052.

*Ford v. United States*, 917 F.3d 1015, 1021 (8th Cir. 2019).

At this point, however, the court does not determine the merits of Saeed's claims. Rather, Rule 4 of the Rules Governing § 2255 Proceedings, provides, in pertinent part, as follows:

5

> **(b) Initial Consideration by Judge.** The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Section 2255 Rule 4(b). Thus, to proceed, a § 2255 Motion must state more than "vague and conclusory allegations" and, instead, must "'state facts that point to a real possibility of constitutional [or other cognizable] error.'" *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)); *see also Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (on initial review pursuant to Rule 4(b), the court "determines whether, viewing the evidentiary proffers, where credible, and record in the light most favorable to the petitioner, the petitioner, who has the burden, may be able to establish at a hearing a *prima facie* case for relief").

### B. Saeed's Claims

#### 1. Ineffective assistance of Saeed's first attorney

Ground One of Saeed's § 2255 Motion asserts ineffective assistance, in seven respects, of his original attorney, who represented him through his guilty plea. The allegations retained from Saeed's Original § 2255 Motion are the following: (1) failure to determine the extent of Saeed's understanding of oral and written English; (2) failure to obtain a translator for Saeed; (3) misconstruing plea discussions with the Assistant United States Attorney; (4) failing to explain the risk of relying on plea discussions; (5) failing to alert Saeed immediately about the Offense Conduct Statement and the first attorney's misunderstanding of plea discussions; and (6) improperly delaying communication of errors, which fatally undermined Saeed's opportunity to withdraw his guilty plea. The

allegation added by Saeed's Amended § 2255 Motion is that his first attorney failed to challenge the lack of removal of inert plant material, which dramatically enhanced the quantity equivalency determination and Saeed's offense level.[2]

The allegations in support of Ground One for the petition are familiar to the court. They are nearly identical to the grounds asserted by the petitioner when he moved to withdraw his guilty plea shortly before sentencing. The allegations of ineffective assistance of counsel now alleged in the § 2255 proceeding were the subject of an evidentiary hearing held January 10, 2017, at which both the petitioner and his attorney testified. Those allegations were resolved against the petitioner by the magistrate judge who conducted the hearing and issued a Report and Recommendation and then by the undersigned United States District Judge.

The petitioner's allegations about his failure to understand English are refuted by his testimony at the hearing on the motion to withdraw his guilty plea, by his testimony at his guilty plea hearing and by his allocution at the time of sentencing. The claims that his attorney rendered ineffective assistance of counsel for advising the petitioner to plead guilty were also refuted as a part of the hearing on the motion to withdraw the guilty plea.

Although the delay in bringing the motion to withdraw the guilty plea was a factor considered by the magistrate judge and by this court in denying the motion, it was one, minor factor. The truth is that there was no fair or just reason for withdrawing the guilty plea. The petitioner cannot show that the delay in filing the motion to withdraw the guilty plea was any fault of the attorney or that it would have been granted. Under the circumstances presented by the petitioner's motion to withdraw his guilty plea, this court has never granted such a motion.

---

[2] Saeed's *pro se* Amended § 2255 Motion expressly modified allegations numbered (4), (5), and (8) in his Original § 2255 Motion by replacing them with a single allegation concerning calculation of drug quantity.

Although the petitioner alleges that his attorney failed to properly research drug equivalency calculations regarding synthetic marijuana, there is no allegation as to what such research would have produced. The parties addressed this to some extent in the plea agreement. The claims made in Ground One are summarily **dismissed**.

### 2. *Ineffective assistance of Saeed's second attorney*

Ground Two of Saeed's Amended § 2255 Motion asserts ineffective assistance, in six respects, of his second attorney, who represented him through his Motion To Withdraw Guilty Plea and sentencing. Those allegations are the following: (1) failing to secure a translator and language expert; (2) failing to introduce into evidence an email from Saeed's first attorney to the Assistant United States Attorney indicating the first attorney's various errors in his advice about the plea agreement; (3) delay in filing the Motion To Withdraw Guilty Plea, which Judge Mahoney expressly relied on as a factor in denying that motion; (4) failing to expressly claim the ineffectiveness of the first attorney as the cause of Saeed's decision to plead guilty; (5) failing to file a brief in support of Saeed's Motion To Withdraw Guilty Plea setting out case law supporting the ineffectiveness of the first attorney with respect to Saeed's decision to plead guilty; and (6) failing to object to Judge Mahoney's report and recommendation within the time allotted.

Ground Two has subpart (1) relating to the failure to secure a translator. As noted above, the record affirmatively refutes this allegation and demonstrates that the petitioner is proficient in the English language, certainly to the extent necessary to provide a knowing and voluntary guilty plea.

Next, the petitioner contends that at the hearing to withdraw his guilty plea, his new attorney possessed emails created weeks after the guilty plea was entered that were used to cross-examine petitioner's first attorney but were not offered into evidence. He contends that these emails were the "smoking gun" that "doomed" resistance to the motion to withdraw the guilty plea.

The parties were unable at the time of the guilty plea to reach agreements on a number of issues. Those issues were specifically left open for litigation at sentencing. An allegation that post guilty plea positions of the parties turned out to be different than what the petitioner predicted are of no constitutional moment unless they detract from the finding of a knowing and voluntary plea. Time after time, the petitioner made allegations concerning representations made to him. And time after time, these allegations were refuted by matters contained within the transcript of the guilty plea proceeding. The petitioner was accurately informed of the maximum punishment that could be imposed, of the nature of the sentencing guidelines and the fact that he could receive a sentence that was different from what he may have expected or desired at the moment.

Again, the petitioner alleges that his second counsel delayed the filing of his motion to withdraw his guilty plea. The petitioner simply cannot demonstrate prejudice and does not allege facts showing prejudice. That is, he is unable to allege facts demonstrating that an earlier motion to withdraw the guilty plea would have been granted. It would not have been granted. The same is true with counsel's failure to file an objection to the Report and Recommendation. The petitioner cannot show that an objection would have been successful.

The petitioner also contends that his second attorney failed to file a brief concerning the motion to withdraw the guilty plea and did not describe the case law concerning ineffective assistance of counsel. It is difficult to think of an area of the law with which the court is more familiar than these topics. Again, the petitioner does not allege facts demonstrating prejudice.

The claims made in Ground Two are summarily **dismissed**.

### 3. *Saeed's challenge to forfeiture liability*

Ground Three of Saeed's Amended § 2255 Motion seeks retroactive application of a Supreme Court case, *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). Saeed argues

that *Honeycutt* abolishes joint and several liability for forfeiture and allows forfeiture only of property a defendant obtained himself. Saeed argues that application of *Honeycutt* would mean that the judgment of $750,000 against him should be reduced to a lesser amount, because he did not personally receive $750,000, and a large portion of proceeds were received by other co-defendants.

The problem with this claim is that it seeks retroactive application of a Supreme Court decision handed down on June 5, 2017, a few months *after* Saeed was sentenced on February 7, 2017, and a few weeks *after* the Eighth Circuit Court of Appeals dismissed Saeed's direct appeal May 16, 2017, and mandate issued on May 17, 2017. As one district court explained,

> Courts have held, however, that the rule in *Honeycutt* "does not apply retroactively to convictions that became final prior to its adoption." *E.g., United States v. Potts*, No. 01-457-3, 2018 WL 5296376, at *2 (E.D. Pa. Oct. 25, 2018), *aff'd*, No. 18-3470, 2019 WL 1458799 (3d Cir. Apr. 2, 2019); *see also, e.g. United States v. Concepcion*, No. 15-15, 2019 WL 1760520, at *2 (D.N.J. Apr. 22, 2019). Consequently, the *Honeycutt* rule would not apply to Petitioner's 2009 forfeiture judgment, which became final many years before the Supreme Court decided *Honeycutt* in 2017. *See McLean*, 2016 WL 3910664, at *3 (detailing the procedural history of this Petitioner's case, along with that of his co-conspirators, in the context of considering Petitioner's § 2255 petition).

*Samuels v. Ortiz*, No. CV 18-10133 (RBK), 2019 WL 2341553, at *1 (D.N.J. June 3, 2019); *see also United States v. Ortiz*, No. 11-251-08, 2018 WL 3304522, at *8 (E.D. Pa. July 5, 2018). Here, Saeed's forfeiture judgment became final prior to the Supreme Court's decision in *Honeycutt*, so that *Honeycutt* does not apply retroactively to that conviction. *Id.*

Furthermore, the retroactivity of a Supreme Court decision for § 2255 purposes follows *Teague v. Lane*, 489 U.S. 288, 301 (1989) (plurality opinion). *See, e.g., Russo v.*

*United States*, 902 F.3d 880, 882 (8th Cir. 2018), *cert. denied*, 139 S. Ct. 1297, 203 L. Ed. 2d 428 (2019); *Barajas v. United States*, 877 F.3d 378, 381 (8th Cir. 2017). In *United States v. Ortiz*, No. 11-251-08, 2018 WL 3304522, at *8 (E.D. Pa. July 5, 2018), the court performed a thorough analysis of the retroactivity of *Honeycutt* under *Teague*. The decision in *Ortiz* held that *Honeycutt* was not retroactive within the meaning of *Teague*, because *Honeycutt* announced a new rule, that rule was not "substantive" because it did not alter the range of conduct punishable by federal law, and the new rule was not a "watershed rule" because it merely clarified the interpretation of a criminal forfeiture statute. *Ortiz*, 2018 WL 3304522, at *8. Saeed has not cited any authority at all holding that *Honeycutt* is retroactive, nor has he offered any argument as to why it should be other than to assert that it states a "substantive" rule. That argument addresses only part of the *Teague* analysis and is contrary to the meaning of "substantive" under *Teague*. *Burton v. Fabian*, 612 F.3d 1003, 1009 (8th Cir. 2010) (explaining that a rule is "substantive," as opposed to procedural, within the meaning of *Teague* "when it 'narrow[s] the scope of a criminal statute by interpreting its terms,' or 'place[s] particular conduct or persons covered by the statute beyond the State's power to punish'" (quoting *Schriro v. Summerlin*, 542 U.S. 348, 351–52 (2004)). Consequently, this court concludes that *Honeycutt* is not retroactive. Because *Honeycutt* is not retroactive, there is no legal support for Saeed's claim for § 2255 relief on Ground Three.

Therefore, Saeed's Amended § 2255 Motion cannot proceed on Ground Three, and that claim is **dismissed**.

### C. *Certificate Of Appealability*

Dismissal of all of Saeed's Grounds for § 2255 relief raises the question of whether he can appeal that dismissal. Before a petitioner can appeal a final order in a habeas corpus proceeding, the district court judge must issue a certificate of appealability. 28 U.S.C.

§ 2253(c)(1)(A). Such certificate may be issued if "the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). Any certificate of appealability must indicate "which specific issue or issues satisfy the [substantial] showing [requirement]." *Id*. § 2253(c)(3).

To meet the "substantial showing" standard, the petitioner must demonstrate that a reasonable jurist would find the district court ruling on the constitutional claim debatable or wrong. *Winfield v. Roper*, 460 F.3d 1026, 1040 (8th Cir. 2006) (citing *Tennard v. Dretke*, 542 U.S. 274, 276 (2004)); *see also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) ("the petitioner must 'demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.1 (1983)) (alteration in original)). A "substantial showing" must be made for each issue presented. *See Parkus v. Bowersox*, 157 F.3d 1136, 1140 (8th Cir. 1998). The certificate of appeal will then contain "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-el v. Cockrell*, 537 U.S. 322, 336 (2003). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id*. Thus, a district court may issue a certificate of appeal even if the court is not certain that "the appeal will succeed . . . [because a certificate of appealability] will issue in some instances where there is no certainty of ultimate relief." *Id.* at 336–37 (citing *Slack v. McDaniel*, 539 U.S. 473 (2000)).

Here, Saeed cannot show that reasonable jurists would disagree or debate this court's conclusion on any of this claims, *see Winfield*, 460 F.3d at 1040; *Barefoot*, 463 U.S. at 893 n.4, where there is no contrary authority, Saeed offers no reasoned basis for dispute, and the reasons for rejecting the claims are consistent with the standards under applicable law. Indeed, Saeed has not shown, and the court cannot find, that any issue could be

resolved in a different manner, or that any question is adequate to deserve encouragement to proceed further. *See Barefoot*, 463 U.S. at 893 n.4; *see also Parkus*, 157 F.3d at 1140 (the petitioner bears the burden to make a "substantial showing" for each issue).

Therefore, the court denies a certificate of appealability.

### III. CONCLUSION

Upon the foregoing,

**IT IS ORDERED** that

1. Saeed's March 5, 2019, *pro se* Motion To Proceed Pro Se On § 2255 Amended Motion [Dkt. No. 2] is **granted**, and his counsel is granted leave to withdraw;

2. Saeed's March 5, 2019, *pro se* Motion To Amend § 2255 Motion To Vacate Sentence [Dkt. No. 3] is **granted**;

3. Upon initial review, pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, Saeed's *pro se* Amended § 2255 Motion is **dismissed**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not issue.

**IT IS FURTHER ORDERED** that the clerk shall enter judgment in favor of the respondent.

**DATED** this 5th day of November, 2019.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA